## BEINHAUER v. MORRIS.

(Supreme Court, Appellate Division, First Department. January 6, 1911.)

SPECIFIC PERFORMANCE (§ 14*)—CONTRACTS ENFORCEABLE—TITLE OF VENDOR.

An agreement for the sale of a leasehold, providing that if, through no fault of the vendor, he should be unable to convey a marketable title, the agreement should be annulled, without other liability than the return of the cash payment and expenses of examination of title, and that a marketable title should be deemed one that either of three title insurance companies would insure, in addition to a marketable title as defined under the laws, could not be enforced, where neither of the companies named would insure the title unless the policy contained a provision that the insurance was subject to the state of facts shown by a survey, whereby five different encroachments on the boundaries of the tract were claimed to exist, though the variations might not be of sufficient importance to warrant a finding that the title was not marketable, aside from the conditions of the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 33; Dec. Dig. § 14.*]

Appeal from Special Term, New York County.

Action by Alfred Beinhauer against Frederick K. Morris. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Edwin L. Kalish, for appellant.

Milton Hopkins, for respondent.

DOWLING, J. On May 31, 1907, the plaintiff and defendant entered into an agreement in writing under seal, whereby the plaintiff, as vendor, agreed to sell to the defendant, as purchaser, a certain leasehold in the city of New York for the price of $40,000, whereof $1,000 was paid on the execution of the contract, and the balance was to be paid upon the delivery of the assignment of the lease at the time therein fixed. The agreement contained the following further clause:

"It is hereby specifically understood and agreed that if, through no fault of the vendor, he shall be unable to convey a good and marketable title to the purchaser, this agreement shall be canceled and annulled, without other or further liability to either party, upon the vendor returning to the purchaser the $1,000 paid upon the execution of this agreement, and paying him his disbursements for examination of title, etc., not to exceed two hundred and fifty dollars ($250). For the purpose of this agreement a good and marketable title shall be deemed to be one that either the Title Guarantee & Trust Company, or the Lawyers' Title Insurance & Trust Company, or the Title Insurance Company of New York will insure, in addition to a marketable title as defined under the laws of the state of New York."

The defendant caused the title to the said leasehold to be examined by his attorneys, who were also the examining counsel for one of the title companies named, and upon such examination certain alleged

variations and encroachments were shown to exist by a survey made by Earl B. Lovell, because of the existence of which the Lawyers' Title Guarantee & Trust Company, on whose behalf defendant's attorneys, as examining counsel, made the examination of the title, refused to insure the title to said leasehold premises, except subject to the encroachments shown on such survey. The company did not discuss or pass upon the question as to whether it would insure upon any other accurate survey, and it was not furnished with any other. Because of such encroachments and incumbrances, the defendant refused to accept the assignment of the leasehold, basing his refusal upon the fact that the Lawyers' Title Guarantee & Insurance Company would not insure the title of said premises as marketable, and had refused to issue a policy of title insurance unless such policy contained the provision that the insurance thereunder was subject to the state of facts shown upon the survey, whereby five different encroachments were claimed to exist.

Upon the trial of the action plaintiff offered in evidence surveys made by J. Rudolphy and Frank F. Towle, by the former of which it was shown that the building upon the premises in question was entirely within the record lines, and by the latter of which it would appear that the only encroachments were one of 1½ inches on the street by the front wall of the building in question and of 1½ inches upon the rear of the said premises by the wall of the building to the north thereof. Upon the trial further concessions were made that neither the Title Guarantee & Trust Company, nor the Lawyers' Title Insurance & Trust Company, nor the Title Insurance Company of New York would issue a title policy insuring the title to the said premises, except subject to any state of facts shown on a correct survey. Plaintiff had judgment for the specific performance by defendant of the agreement in question.

While it may be true that the encroachments shown upon the Lowell survey, which constituted the extreme claim made, are not of sufficient importance to warrant a finding by the court that the title was not marketable, that is not the question presented upon this appeal; for by the agreement of the parties the title which was to be tendered by the vendor was not merely such title as the law would hold to be marketable, but, in addition thereto, such a title as one of the three specified title companies would insure. This provision clearly demonstrates what the parties had in mind—the desirability of a title upon which a policy of insurance would be issued, and by the insurance of which the purchaser would be facilitated in the sale or mortgage of the leasehold in question, should he desire to realize upon the same. Plainly the agreement did not contemplate a policy of insurance which was conditional in its nature, or which contained reservations of matters entailing the determination of a court before they could be adjudged to be no cloud upon the title and without effect upon its marketability.

Before plaintiff could recover in this action for specific performance, he was therefore obligated to prove that the title tendered by him was one which one of the three title companies named would

insure as marketable; and, having failed in this proof, he was not entitled to recover judgment herein.

The judgment appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.